JAMES A. GREEN & another *vs.* JACOB P. GOULD.

In an action to recover for articles sold to a minor son of the defendant, evidence may be introduced in defence of declarations by the plaintiff tending to show that at the time of making the sales he knew that the son was not acting under his father's authority.

The plaintiff is not a competent general witness in a suit after the defendant's death, although in a hearing of the case before an auditor, in the defendant's lifetime, both parties testified, and their testimony was stated in the auditor's report, which has been read to the jury; nor is he made so by being asked in cross-examination, after testifying to his books of account, showing sales of articles charged to the deceased, who delivered those articles named in the account, which were not delivered by himself.

A judge in his discretion may allow leading questions to be put in direct examination.

No exception lies to the admission of evidence in corroboration of a witness who has been contradicted.

CONTRACT upon an account annexed, for groceries, cigars, confectionery and other articles delivered to the wife and minor son of the original defendant, of whom the present defendant is administrator.

At the trial in the superior court, before *Brigham*, J., the son, Orator Gould, was called by the defendant as a witness, and was asked, under objection, in the direct examination, if he was authorized to procure the articles on credit, to which he replied that he was not; and if in the course of the dealing he sold certain articles to the plaintiff, to which he replied that he did.

The defendant called William C. Dustin as a witness, who testified, under objection, that, during the time covered by the account, he was present when the boy went out of the plaintiff's shop, and the plaintiff Green said, " That is a hard boy; do not believe his parents know the deviltry he is up to."

The plaintiffs were offered as general witnesses, but were only permitted to put in their account books with their suppletory oaths. On cross-examination, the plaintiff Green was asked who delivered the articles named in the account which were not delivered by himself, and he answered the question. The plaintiffs then claimed that by this cross-examination the defendant had made him a general witness; but the judge ruled otherwise.

The defendant called Benjamin W. Perry as a witness, who

testified, under objection, that on one occasion, after the son had made some of the purchases in controversy, Daniel Bryant asked the plaintiff Green, if he supposed that the boy's father knew that he was running up the bill, to which Green replied, " I do not suppose he does know it, but I don't care ; he is able to pay for it." Daniel Bryant was called as a witness by the plaintiffs, and contradicted the evidence of Perry. Thereupon the defendant called John F. Hay, who was permitted to testify, under objection, in corroboration of Perry.

The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions.

*A. V. Lynde,* for the plaintiffs.

*W. L. Brown,* for the defendant.

METCALF, J. The court are of opinion that neither of the matters of exception to the rulings at the trial shows any cause for setting aside the verdict.

1. The direct questions to O. Gould, whether he was authorized to procure, on credit, the articles mentioned in the account annexed to the plaintiff's writ, and whether he had sold certain enumerated articles to the plaintiffs, seem to us not to have been objectionable as leading questions. Besides ; we are not aware of any case in which a new trial has ever been granted for the reason that leading questions, though objected to, have been allowed to be put to a witness.

2. The testimony of Dustin as to what one of the plaintiffs, in 1857, said of O. Gould and his parents' ignorance of his misconduct, was clearly admissible. How much weight should be given to that testimony was for the consideration of the jury.

3. After the death of the defendant's testator, the plaintiffs were not competent witnesses. The Gen. Sts. *c.* 131, § 14, extend as well to an action commenced against a testator and defended by his administrator, as to an action originally commenced against his administrator. The same reason which applies to the latter applies to the former. The testimony given by the testator and by the plaintiffs, before the auditor, after this action was brought against the testator, was received at the trial without objection. But this did not render competent any

further testimony of the plaintiffs, on the trial by the jury. Nor did the defendant render their further testimony competent by asking one of them, when he was verifying their account book, who delivered the articles charged on the book, which he did not himself deliver. The testimony of parties to their book charges was admissible before parties were made competent witnesses generally, and the testimony of one of the plaintiffs was admitted under the old law on this subject.

4. The testimony of Hay, in confirmation of Perry, was properly admitted. The only possible objection to it which occurs to us is, that Hay as well as Perry should have been called to testify before Bryant was called. But the order in which those witnesses might testify was a matter of judicial discretion, the exercise of which is not subject to revision.

*Exceptions overruled.*